AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| LODGED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| 5/12/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: ___MMC___ DEPUTY |



FILED
CLERK, U.S. DISTRICT COURT
5/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ER___ DEPUTY

United States of America

v.

Andres Velasquez-Ocampo,

Defendant

Case No.   2:25-MJ-02867-DUTY

## AMENDED CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 21, 2025, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Timothy Holden
*Complainant's signature*

Timothy Holden, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   May 16, 2025

*Judge's signature*

City and state:   Los Angeles, California    Hon. Rozella A. Oliver, U.S. Magistrate Judge
*Printed name and title*

AUSA:  Elizabeth Bisland (x0319)

**AFFIDAVIT**

I, Timothy Holden, being duly sworn, declare and state as follows[1]:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for ANDRES VELASQUEZ-OCAMPO ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF SPECIAL AGENT TIMOTHY HOLDEN

3. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been a federal law enforcement officer since June 2020. I am currently assigned to the Homeland Security Investigations ("HSI") Integrated Operations Group Task Force. As part of this task force, I am tasked with investigation various immigration crimes

---

[1] This is an amended affidavit. The original was filed with Judge Rozella Oliver on May 7, 2025 under 2:25-MJ-02733-DUTY

in conjunction with other members of federal law enforcement, including but not limited to, members of the Department of Homeland Security who have significant experience in investigation immigration matters.

4. I am currently assigned to the Homeland Security Investigations ("HSI") Integrated Operations Group Task Force ("Task Force"). As part of this Task Force, I investigate various immigration crimes with Department of Homeland Security ("DHS") agents and analysts, including from HSI and Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations. As a result of my collaboration with these DHS employees on this Task Force, I am familiar with DHS databases that are used to identify individuals who are subject to prosecution for immigration crimes.

### III. TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

5. Based on my training and experience and communication with DHS employees on the Task Force, I know the following:

   a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, the Department of Homeland Security ("DHS") and other government

agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

       b.   Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly INS), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file").  An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage.  That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

    6.   Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process.  That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number.  A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records,

3

including immigration records indicating whether that person is amenable to immigration enforcement action.

### IV. STATEMENT OF PROBABLE CAUSE

7. On or about May 4, 2025, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on defendant's biometric fingerprint information that he was arrested by the South Gate Police Department ("SGPD"), within the Central District of California, for possession of drug paraphernalia and possession of a controlled substance, in violation of California Health and Safe Code sections 11395(B)(1) and 11377(a). Defendant is not currently in custody with SGPD.

8. I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices. I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

9. On or about May 5, 2025, I conferred with other law enforcement officers, including DHS personnel, and reviewed records associated to defendant's unique fingerprint identifier that are contained in DHS indices. I learned the following about defendant's immigration history:

    a. Defendant is a citizen and national of Mexico.

    b. On or about January 4, 2019, defendant was ordered removed from the United States to Mexico. On or about

4

January 4, 2019, defendant was physically removed from the United States to Mexico.

      c.   Since defendant's most recent physical removal from the United States noted above, defendant was found in the County of Los Angeles, in the Central District of California on February 21, 2025, based on a DHS database notification.

      d.   There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal.  Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

    10.   Based on my review of a criminal history report for defendant, which is associated to defendant's unique fingerprint identification number(s), I have learned the following:

      a.   On or about May 11, 2016, defendant was convicted in the Superior Court of California, County of Orange, for: Carjacking, a felony, in violation of California Penal Code 215(A) for which he was sentenced to 3 years' jail.

5

## V. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 16th day of May 2025.

*[signature]*

HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE